# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Oct 23, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A black Samsung cell phone in GFPD evidence under property #24-001914-2, bearing IMEI: 355134280136068; S/N: R9TTC0G6N5P. The Device is currently in evidence at the Greenfield Police Department. | Case No. 24 MJ 230 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1951(a) | Hobbs Act Robbery |
| 18 U.S.C. 2113(a) | Bank Robbery |

The application is based on these facts:

Please see affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Ian Byrne
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____Telephone_____ *(specify reliable electronic means)*.

Date: 10/23/2024

*Judge's signature*

City and state: Milwaukee, Wisconsin        The Honorable William Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF

# AN APPLICATION FOR A SEACH WARRANT

I, Ian Byrne, being first duly sworn on oath, on information and belief state:

## I. INTRODUCTION, BACKGROUND, TRAINING, AND EXPERIENCE:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since December 2021. Prior to my employment with the FBI, I was an active-duty U.S. Army soldier for approximately nine years. I am currently assigned to the FBI's Milwaukee Area Violent Crimes Task Force. This Task Force is a multi-jurisdictional law enforcement entity charged with investigating violations of federal law, including violent and threatening criminal matters defined under Title 18 of the United States Code. I have been trained in a variety of investigative matters to include bank robberies, armed carjackings, threatening communication, and Hobbs Act robberies. I have also been trained in a variety of legal matters, including the topics of Fourth Amendment searches, the drafting of search warrant affidavits, and probable cause. I have assisted in criminal investigations, participating in surveillance, searches, interviews, and debriefs of arrested subjects. As a result of this training and investigative experience, I have learned how and why criminal actors typically conduct various aspects of their criminal activities.

2. Based upon my training and experience, I know that computer hardware and software may be important to a criminal investigation in two distinct and important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime; and/or (2) the objects may have been used to collect and store information about crimes (in the form of electronic data). Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware and software which are (a) instrumentalities, fruits, or evidence of crime, or (b) storage devices for information about crime.

3. To this end, based upon my training and experience, I know that individuals involved in violent crimes use cellular telephones to maintain contact with co-conspirators aurally or via electronic message in "text" format. I also know that it is common for suspects who commit violent crimes to take or cause to be taken photographs and other visual depictions of themselves, their associates, and the illegal proceeds and firearms that they control or possess.

4. Based on the investigation to date, I submit that there is probable cause to believe that Danely PEREZ-PICA (DOB XX/XX/1995) committed a Hobbs Act robbery, and a bank robbery in Milwaukee County, Wisconsin, on August 18, 2024, and August 22, 2024, in violation of Title 18, United States Code, §§ 1951(a) (Hobbs Act Robbery), and 2113(a) (Bank Robbery).

5. This affidavit is based upon my personal knowledge, my training and experience, and on information reported to me by other state and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable. This affidavit is also based upon police reports, physical surveillance, and witness statements that I consider to be reliable as set forth herein. The facts of this affidavit are based upon information obtained from my investigation, as well as information I have received from other law enforcement officers.

6. Because this affidavit is submitted for the limited purpose of obtaining a search warrant, I have not included each and every fact known to me concerning this investigation. I have attempted to set forth only the facts that I believe are pertinent to establishing the necessary foundation for the warrant.

## II. IDENTIFICATION OF THE DEVICES TO BE EXAMINED

7. This affidavit is submitted in support of an application for a search warrant for the below-described portable electronic device ("Device"), which is currently in evidence at the

Greenfield Police Department ("GFPD"), for evidence of the user's possible involvement in the robberies described in detail below:

    a. A black Samsung cell phone in GFPD evidence under property #24-001914-2, bearing IMEI: 355134280136068; S/N: R9TTC0G6N5P. Recovered from the floor in front of the driver's seat of the Jeep Grand Cherokee that PEREZ-PICA was driving at the time of his arrest.

8. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

### III. PROBABLE CAUSE

#### August 18, 2024 – Family Dollar Robbery

9. Affiant has reviewed West Milwaukee Police Department reports related to the investigation of an armed robbery which occurred on August 18, 2024. The reports of Officer Anastasi reflect that they conducted an interview of Victim 1 (A.Q-R., DOB XX/XX/1994) who stated that on August 18, 2024, at approximately 1:00pm, they were working as a cashier at the Family Dollar store, located at 4202 W. Greenfield Avenue, West Milwaukee, WI 53215 when the store was robbed by a suspect with a gun. Victim 1 stated that the suspect placed merchandise onto the counter and stated that he needed money for a funeral because his brother died. The suspect then stated "give me everything" in English then repeated the same phrase in Spanish. Victim 1 observed the suspect holding what looked to be a black firearm inside a white purse. The suspect stated, "you wanna get shot, you want to get killed?". The suspect took $240.35 in US currency from the register and fled. Victim 1 described the suspect as wearing what appeared to be a nun outfit/costume of black clothing with a white mask and carrying a white purse.

## August 22, 2024 – Educator's Credit Union Robbery

10. Affiant has further reviewed the police reports of Officer Doonan which reflect that on August 22, 2024, at 1:24pm, Greenfield Police Officers were dispatched to the Educator's Credit Union, located at 4000 W. Loomis Road, Greenfield, WI, for a report of an armed robbery.

11. Officer Doonan reports that they responded to the bank and spoke with two bank tellers who were both victims of the robbery, identified as Victim 2 (H.T., DOB XX/XX/2006) and Victim 3 (L.L., DOB XX/XX/1956). Officer Doonan reports that according to the victims, the suspect approached them and declared that he had a bomb and demanded the money from the cash drawers. The suspect produced a note which said something about his "brother just died." Victim 2 saw something red flashing in the suspect's hand and believed it was a bomb. The suspect obtained a total of $1,301 in U.S. currency.

12. Detective Beal reports they personally observed surveillance footage of the incident, which was provided by the bank Regional Director (P.B., DOB XX/XX/1982). That video showed the suspect, described as a black male with a heavy build, weighing approximately 220-260 pounds, and measuring approximately 6'00" – 6'02" tall. The suspect also had red colored dread locks. The suspect was carrying a black case with silver trim, a black and white striped bag, and possibly a black fanny pack style bag.

13. Detective Beal reports that video surveillance from the bank exterior on the north side of the bank showed the suspect arrive at the bank on a red and black moped.

14. Officer Doonan reports that they reviewed additional close-up photographs were taken of the suspect and moped by a customer (D.P., DOB XX/XX/1961), after the robbery, as the suspect was leaving the parking lot. Based on the review of those photos, the suspect vehicle was further identified as a Yamaha, with two distinct stickers on the front, one yellow colored sticker

with the word "EQUINOX", and the second being green and white with the number "652". A pink water bottle/thermos was also visible in the cup holder. The suspect was further described as wearing an outfit giving the appearance of a nun, with a rosary type necklace, black head covering, white facemask, black sweatpants, a black curtain of some sort with metallic grommets being worn, and white shoes with distinct spikes on the back of the shoes at the ankle area.

### Identification and arrest of Danely PEREZ-PICA

15. Affiant has reviewed the reports of Officer Torres which reflect that on August 22, 2024, after the Educator's Credit Union robbery, the Milwaukee Police Department received an anonymous tip from an individual who stated that he was with a guy who told him that he committed the robbery at the bank. The anonymous tipster identified the suspect as Danely PEREZ-PICA, DOB XX/XX/1995. The tipster also identified the residence where PEREZ-PICA was at as 625 W. Hayes Avenue, Milwaukee, WI.

16. Officer Torres further reports that Milwaukee Police Officers responded to that residence and observed the moped that was used in the robbery, parked at 551 W. Hayes Avenue, Milwaukee, WI. The Officers watched both the moped and the residence, and they observed the suspect with red dreadlocks, identified as PEREZ-PICA, freely walk in and out of the residence numerous times.

17. Officer Cabral reports that Milwaukee Police Officers observed PEREZ-PICA walk out of the residence and get into a vehicle identified as a black 2011 Jeep Grand Cherokee SUV, with a vehicle identification number (VIN) of 1J4RR4GG4BC551275. Around 4:40 PM, Milwaukee Police Officers attempted to perform a traffic stop on that vehicle. They had a brief initial encounter with PEREZ-PICA and his passenger, however shortly thereafter the vehicle fled from police and crashed near 1500 W. Windlake Avenue, Milwaukee, WI. PEREZ-PICA was the

5

driver and fled on foot after the crash, though he was subsequently captured a short distance away by police. Also in the vehicle at the time of the traffic stop was a passenger, seated in the front passenger seat, who identified himself during the initial encounter with law enforcement as Alex MORENO, DOB XX/XX/1981. MORENO fled on foot following the pursuit and was not apprehended.

18. Detective Chic reports that the Jeep had a unique sticker on the gas cap door depicting an orange stick figure and a fuel gauge. Detective Beal reports that after executing a search warrant on the Jeep, evidence was recovered from inside the vehicle, from the Educator's Credit Union robbery, which included the black and white striped bag, as well as the black and silver case. That vehicle was subsequently towed from the scene to the City of Milwaukee Impound/Tow Lot, located at 3811 W. Lincoln Avenue, Milwaukee, WI, with an assigned Tow Number of 2472320.

19. Officer Cabral reports that after PEREZ-PICA was arrested, Milwaukee Police Officers determined that the moped that was parked at 551 W. Hayes Avenue was the same moped that was used in the Educator's Credit Union robbery, based on the same unique yellow "EQUINOX" and green and white "652" stickers on the moped. That moped was identified as a 2004 red and black Yamaha Moped, with a vehicle identification number (VIN) of LPRSA20A34A409405. That vehicle was subsequently towed from the scene to the City of Milwaukee Impound/Tow Lot, located at 3811 W Lincoln Avenue, Milwaukee, WI, with an assigned Tow Number of 2472334.

20. Detective Beal reports that the pink water bottle/thermos from the suspect moped at the time of the robbery was observed in plain view by officers on the back porch of the residence.

6

21. Affiant has reviewed the reports of Detective Beal which reflect that Greenfield Police executed a state search warrant on August 22, 2024, for the residence of 625 W. Hayes Avenue, Milwaukee, WI. Evidence was recovered from the residence to include a white cloth/face covering, and sweatpants which were believed to be some of the clothing worn by the suspect at one or both of the robberies.

22. Affiant has reviewed the reports of Detective Beal which reflect that on August 27, 2024, Greenfield Police also executed a state search warrant on the Jeep Grand Cherokee and Yamaha moped. Evidence was recovered from the Jeep including a black head covering believed to be worn by the suspect, a black and white striped handbag, and a black and silver storage case that the suspect had in his possession at the time of the Educator's Credit Union robbery. Furthermore, a black Samsung cell phone in a clear case was recovered from the floor in front of the Jeep's driver's seat. The phone is in GFPD evidence under property #24-001914-2, bearing IMEI: 355134280136068; S/N: R9TTC0G6N5P.

23. Officer Cabral reports that after video canvassing the area around where the Moped was recovered, he viewed surveillance footage from an anonymous citizen residing on the 2400 block of S. 5th Place, Milwaukee, WI. The footage showed that on August 22, 2024, at approximately 1:42pm, an individual, identified by Officer Cabral as being Melvin RODRIGUEZ-QUINONEZ, DOB: XX/XX/1979, exited the front passenger seat of a vehicle which was consistent in appearance with the Jeep described above. RODRIGUEZ-QUINONEZ carried what appeared to be a pair of white shoes and proceeded to throw them in a garbage can located in the vicinity of 2341 S. Chase Avenue, Milwaukee, WI. Officer Cabral reports that officers then responded to that garbage can and located a pair of white shoes that are believed to be the same pair of white shoes with the spikes at the back of the shoes that were worn by the suspect during

the Educator's Credit Union robbery. Those shoes were photographed and taken into Greenfield Police Evidence under property #24-001878.

24. Detective Chic reviewed surveillance footage screenshots of the suspects from the Family Dollar and Educator Credit Union robberies and determined that it appears to be the same suspect in both, wearing the same white face covering, black head covering, and rosary type necklace.

25. After PEREZ-PICA was arrested following the pursuit of the Jeep, Detective Chic reviewed various surveillance cameras from around the Family Dollar store at the time of that robbery. Detective Chic determined that the Jeep was in the area of the Family Dollar store at the time of that robbery. The surveillance cameras showed that it was the same Jeep with the unique sticker on the gas cap door depicting an orange stick figure and a fuel gauge.

26. Affiant has reviewed the reports of Detective Beal that reflect that Probation and Parole Officer Baptiste provided the phone number, 414-552-0597 as the phone number in her records for PEREZ-PICA. Probation and Parole Officer Baptiste also provided the phone number in her records for PEREZ-PICA's girlfriend, "Lulu" as 414-520-6834. After searching a database, Detective Beal states that it was determined that 414-520-6834 was listed to Heather Rvalle VALLE-ESPARZA, DOB: XX/XX/1984. Records checks further show that Valle-Esparza lives at 4XXX W. Tesch Avenue, Greenfield, WI. This address is approximately 1.1 miles away, and just a four-minute drive to Educator's Credit Union.

27. It should be noted that according to Officer Boyd's report, witness W.R., DOB: XX/XX/1976, stated that the Jeep belonged to VALLE-ESPARZA. According to witness K.A., DOB: XX/XX/1983, PEREZ-PICA also drove VALLE-ESPARZA to work in the Jeep earlier that morning on August 22, 2024.

28. Detective Beal reports that Greenfield Police conducted a check of the SIM card of the black Samsung phone that was recovered from the Jeep and currently in GFPD evidence. The check identified a phone number of 414-477-5903. That phone number listed to K.S. (DOB: XX/XX/1989). Greenfield Police contacted K.S., who reported that the Samsung phone did not belong to her. However, her daughter had an iPhone that was stolen approximately 2-3 years ago. Greenfield Police then inserted the SIM card back into the black Samsung and called 414-477-5903. That number successfully called the black Samsung phone.

29. Affiant knows that the device described in Attachment A is currently in the custody of the Greenfield Police Department. Further, affiant knows that Danely PEREZ-PICA is currently in the custody of the Wisconsin Department of Corrections and has been in their custody and/or the custody of other law enforcement since his arrest on this matter.

## IV. TECHNICAL TERMS

30. Based on my training and experience, I use the following technical terms to convey the following meanings:

   a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text

9

Case 2:24-mj-00230-WED    Filed 10/23/24    Page 10 of 20    Document 1

messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and

presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

f. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

31. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that the electronic Devices described above have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## V. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

32. Based on my knowledge, training, and experience, as well as my conversations with other Special Agents of the Federal Bureau of Investigation, who are experienced with electronic communication systems, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Devices. This information can sometimes be recovered with forensics tools.

33. *Forensic evidence*. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Devices were used, the purpose of use, who used it, and when.

12

34. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

35. *Manner of execution.* Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## VI. CONCLUSION

36. Based on the facts contained within this affidavit, I believe that probable cause exists to search the Device, which is more particularly described in Attachment A, and which is currently located in evidence at the Greenfield Police Department, for evidence of the aforementioned robberies, including but not limited to the information contained in Attachment B.

## ATTACHMENT A

### Property to Be Searched

A black Samsung cell phone in GFPD evidence under property #24-001914-2, bearing IMEI: 355134280136068; S/N: R9TTC0G6N5P. Recovered from the floor in front of the front driver's seat of the Jeep Grand Cherokee that PEREZ- PICA was driving.

The Device is currently in evidence at the Greenfield Police Department.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

### Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, §§ 1951(a) (Hobbs Act Robbery), and 2113(a) (Bank Robbery) involving Danely PEREZ-PICA, or any other subject, stored on the Device, to include:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information recording any targets' schedule or travel;

   c. any web search information related to the offenses described above;

   d. photographs of locations evidencing pre-robbery surveillance or vehicles or people related to the offenses described above;

   e. any information related to the proceeds from the robberies described above;

   f. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

   g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☑ Original ☐ CLERK'S OFFICE
A TRUE COPY
Oct 23, 2024
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 24 MJ 230
A black Samsung cell phone in GFPD evidence under property )
#24-001914-2, bearing IMEI: 355134280136068; S/N: R9TTC0G6N5P. )
The Device is currently in evidence at the Greenfield Police Department. )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __11/06/2024__ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Honorable William E. Duffin__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __10/23/2024 at 11:20 a.m.__     *s/ William E. Duffin*
*Judge's signature*

City and state:  __Milwaukee, Wisconsin__     __The Honorable William E. Duffin, U.S. Magistrate Judge__
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

A black Samsung cell phone in GFPD evidence under property #24-001914-2, bearing IMEI: 355134280136068; S/N: R9TTC0G6N5P. Recovered from the floor in front of the front driver's seat of the Jeep Grand Cherokee that PEREZ- PICA was driving.

The Device is currently in evidence at the Greenfield Police Department.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records on the Device described in Attachment A that relate to violations of Title 18, United States Code, §§ 1951(a) (Hobbs Act Robbery), and 2113(a) (Bank Robbery) involving Danely PEREZ-PICA, or any other subject, stored on the Device, to include:

    a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

    b. any information recording any targets' schedule or travel;

    c. any web search information related to the offenses described above;

    d. photographs of locations evidencing pre-robbery surveillance or vehicles or people related to the offenses described above;

    e. any information related to the proceeds from the robberies described above;

    f. any communications via text messages, email, Facebook, Twitter, or other web-based applications between the subjects and others regarding the offenses described above; and

    g. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

15